UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEANNE L. BALUSIK, | § | |
| | § | |
| Appellant | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 05-04098 |
| | § | |
| RANDY W. WILLIAMS, | § | |
| TRUSTEE, | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM AND ORDER

This is an appeal from the Bankruptcy Court's disallowance of a proof of claim filed by Appellant Jeanne L. Balusik ("Balusik"). The claim was objected to by Randy W. Williams, Trustee in the Chapter 7 bankruptcy of Floorcrafters of Texas, Inc. ("Floorcrafters"). For the reasons that follow, the Bankruptcy Court's decision is AFFIRMED.

I.  STANDARD OF REVIEW.

On appeal to a district court, findings of fact by the Bankruptcy Court are not to be set aside unless clearly erroneous. FED. R. BANKR. P. 8013. Legal conclusions are subject to *de novo* review. *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995).

II.  THE RECORD EVIDENCE.

Balusik was, at all material times, the majority shareholder of Floorcrafters. At various times, she was also a director and an officer. The corporation filed a voluntary Chapter 7 petition in 2002. Balusik submitted a proof of claim seeking $97,346.06, and

asserting that the claim was secured. Eventually, Balusik withdrew her contention that the claim was secured.

Balusik's proof of claim included $2,473.53 for legal fees, and $14,800 for unpaid wages. The remaining portion of the proof of claim amount is attributable to monies paid into Floorcrafters by Balusik, and the interest on those monies.

### III.   THE THREE COMPONENTS OF THE PROOF OF CLAIM.

The first two components of Balusik's claim most certainly should be disallowed. The documentation she submitted to support her claim for attorneys' fees consists of no more than a state Court of Appeals judgment ordering Balusik to pay one-half of all costs incurred by reason of the appeal. The claim for wages, or the value of accounting services, is likewise not supported. During the time such services were ostensibly provided, Floorcrafters was conducting no business and the record is wholly lacking in evidence that the services which were provided were even necessary, much less reasonable.

The portion of Balusik's claim that relates to the monies she paid into Floorcrafters presents a somewhat closer question, but must still be resolved against Balusik. Although the monies do appear to have been advanced, there are no promissory notes reflecting a debt obligation of Floorcrafters to Balusik, no maturity dates are identified, and the other characteristics of a creditor-debtor relationship – such as an interest rate, installment terms, acceleration clauses, rights upon default – are all lacking. Minutes of the Board of Directors' meetings do refer to Floorcrafters' debt obligation to Balusik without identifying the amount owed or providing any other detail. The minutes

from two of the pertinent Board meetings are signed solely by Balusik, as Floorcrafters lone director. The third is signed by Balusik and one other individual.

Whether monies injected into a thinly capitalized (or uncapitalized) corporation should be considered debt or equity is an issue that is often revisited in many different legal arenas – tax, securities, bankruptcy, and criminal law. The Fifth Circuit canvassed the relevant touchstones in *Montclair, Inc. v. Comm'n of Internal Revenue*, 318 F.2d 38, 40 (5th Cir. 1963):

> There are at least eleven separate determining factors generally used by the courts in determining whether amounts advanced to a corporation constitute equity capital or indebtedness. They are (1) the names given to the certificates evidencing the indebtedness; (2) the presence or absence of a maturity date; (3) the source of the payments; (4) the right to enforce the payment of principal and interest; (5) participation in management; 6) a status equal to or inferior to that of regular corporate creditors; (7) the intent of the parties; (8) 'thin' or adequate capitalization; (9) identity of interest between creditor and stockholder; (10) payment of interest only out of 'dividend' money; (11) the ability of the corporation to obtain loans from outside lending institutions.

With the possible exception of the first factor, all of the others cut sharply against Balusik. Balusik argues that this and other precedents can be distinguished on the basis that, in this case, outside funding was not available, i.e., only Balusik could have injected money into the corporation. Although this fact appears abundantly clear, it is yet another consideration that cuts against Balusik.

> If a corporation is able to borrow funds from outside sources at the time an advance is made, the transaction has the appearance of a bona fide indebtedness. The purpose of this inquiry is obviously to test whether the shareholder contributors acted in the same manner toward their corporation as ordinary reasonable creditors would have

3

> acted. If no reasonable creditor would have loaned funds to the corporation at the time of the advance, an inference arises that a reasonable shareholder would likewise not so act.

*Estate of Mixon v. United States,* 464 F.2d. 394, 410 (5th Cir. 1972) (internal citation omitted).

The Court is not without sympathy for Balusik. Neither sympathy, nor any considerations of a Court's equity powers can, however, overcome long-established and controlling precedents.

The Bankruptcy Court's disallowance of Balusik's claim is AFFIRMED.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 5th day of June, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.